William A. CLARKE, Plaintiff,

v.

G. A. KAYSER & SONS, INC., Golden Crown Enterprises, Inc., and Pier 1 Imports, Defendants.

William A. CLARKE, Plaintiff,

v.

F. W. WOOLWORTH COMPANY, Defendant.

Civ. A. Nos. 77–28 ERIE, 77–147 ERIE.

United States District Court, W. D. Pennsylvania.

July 12, 1979.

Ralph Hammar, Erie, Pa., for plaintiff.

Kenneth W. Greenawalt, Windels, Marx, Davies & Ives, New York City, Roger L. Cook, Townsend & Townsend, San Francisco, Cal., John G. Gent, Erie, Pa., Lauren D. Rachlin, Buffalo, N. Y., Harry K. Thomas, Erie, Pa., for defendants.

## MEMORANDUM ORDER

WEBER, Chief Judge.

In 77–28 Erie, plaintiff William A. Clarke complains that the defendants' manufacture and sale of the "MagicGlove" baseball toss game and its accompanying package infringes his registered copyrights on the baseball glove diagram printed on his "Stick Mitt" glove (Gp 113,921) and on the printing on the cardboard box used to contain the "Stick Mitt" when it is sold to the public (Kk 246,759). In 77–147 Erie, the plaintiff complains that the defendant's manufacture and sale of the "Catch 'Em All" baseball toss game infringes his copyright on his "Stock Mitt" baseball glove diagram, (Gp 113,921). The defendants in both cases have filed on all copyright claims Motions for Summary Judgment. We have determined that these present no genuine issues of material fact and may be decided upon the adequate record now before the Court. The Court has examples of all the relevant articles and their packages before it, and find no need for testimony on the subject, and no question of credibility is involved.

To establish copyright infringement, the plaintiff must prove first that the defendants have copied the protected work and, second, that the protected and infringing works are "substantially similar" in the eyes of the ordinary lay observer, *Universal Athletic Sales Co. v. Salkeld,* 511 F.2d 904, 907 (3d Cir. 1975), *cert. denied* 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *Ideal Toy Corp. v. Fab-Lu Ltd.,* 360 F.2d 1021 (2d Cir. 1966). The crux of the Motions for Summary Judgment is that the defendants' works do not infringe the plaintiff's registered copyrights because they are not substantially similar to the toss games sold by the plaintiff which are protected by his copyrights.

In considering whether two works are substantially similar, the court must determine whether the allegedly infringing works constitute an improper appropriation of the plaintiff's protected expression of an idea, *Arnstein v. Porter,* 154 F.2d 464 (2d Cir. 1946). This determination involves a side-by-side comparison of the protected and accused works with a view to several factors, including whether any similarities result from the fact that they both attempt to depict a common object, *see Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 742 (9th Cir. 1971), and the degree of originality, creativity, and independent effort involved in the copyrighted work, *see Universal Athletic Sales Co. v. Salkeld, supra* at 908. For example, since nature creates all turtles one basic shape, one cannot, by obtaining a copyright on a turtle pin decorated with an oval jewel cluster, prevent competitors from manufacturing turtle pins with a slightly different oval jewel cluster on the ground that the pins are substantially similar in appearance, *see Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.,* 509 F.2d 64 (2d Cir. 1974), although jeweled turtle pins identical to the copyrighted pin may infringe the turtle pin copyright.

The two accused baseball gloves, the "MagicGlove" (Civil Action No. 77–28 Erie)

and the "Catch 'Em All" glove (Civil Action No. 77–147 Erie), are identical to each other. A comparison of the accused gloves with the plaintiff's copyrighted glove leads to the conclusion that there is insufficient similarity to constitute infringement. The gloves are similar in the sense that they both involve drawings of actual baseball fielder's gloves printed on a cloth to which a velcro-covered plastic ball will stick. The gloves are different, however, in several critical aspects. First, the fingers of the plaintiff's gloves are separated near the end of the fingers and thus more closely approximate those of an actual baseball glove than the fingers of the accused gloves which are merely drawn on cloth and are not separated by any gap in material. Second, while both the plaintiff's and the defendants' gloves bear a printed representation of rawhide stitching, the drawing on the plaintiff's glove is more expertly patterned and different, especially in the web area, from the defendants' gloves. The final difference is the general shape of the gloves: the accused gloves are generally round in appearance as were formerly catcher's and first baseman's mitts, whereas the plaintiff's gloves more resembles a hand in shape with separated fingers and thus more exactly depicts an actual fielder's glove than the defendants' mitts.

In short we conclude that the accused gloves are not sufficiently similar to the plaintiff's glove to constitute infringement, and we dismiss those claims of the Complaints in Civil Action No. 77–28 Erie and Civil Action No. 77–147 Erie which allege that the defendants infringed the plaintiff's copyright on his baseball glove (Gp 113,921). The similarities among the gloves arise from the fact that they all attempt to depict an extremely common object, an actual fielder's glove worn by baseball players. The design of all gloves was obviously intended to remind children of a real baseball glove. Works which closely duplicate conventional articles are given a narrow scope of protection. Where the quantum of originality is very modest, more than a substantial similarity is necessary for a finding of infringement. See *Universal Athletic Sales, supra,* p. 908.

In Civil Action No. 77–28 Erie, the plaintiff also complains that the package used to market the "MagicGlove" infringes the copyright he secured on his own package (Kk 246,759). Our examination of the two packages indicates that they are entirely different in dimension and appearance. The plaintiff's copyrighted box is predominantly blue in color and square in shape while the defendants' accused box is predominantly white in color and rectangular in shape. Myriad differences in the style, size, color and substance of the printing would prevent the average observer from attributing the defendants' package to the plaintiff.

The plaintiff contends that the pages are similar in that they both have cartoon drawings of children catching balls on the edge of their gloves. From its perspective as an ordinary lay observer, the Court does not believe that these similarities are sufficiently substantial to result in copyright infringement. The drawings of the children are different in coloring, size, facial expression, and body posture. The location of the children on the boxes is also different. Finally, the plaintiff did not originate the game of catch, and any similarity in the position of caught balls on the edges of the gloves is "necessary because the idea or system being described is the same," *Gaye v. Gillis,* 167 F.Supp. 416, 418 (D.Mass.1958), and does not justify a finding of infringement. Accordingly, the aspects of the plaintiff's Complaint in Civil Action No. 77–28 Erie which allege infringement on his package copyright (Kk 246,759) shall be dismissed.

We decline to base our dismissal of the copyright claims on the defendants' argument under 37 C.F.R. § 202.10 that the plaintiff's copyright is invalid as a matter of law because a picture of his copyrighted "Stick Mitt" glove appeared in his patent application. From the language of 37 C.F.R. § 202.10 it is unclear to the Court whether its application is limited to design patents, or whether it also extends to the plaintiff's utility patents.

## ORDER

AND NOW this *12th day of July, 1979,* IT IS ORDERED that the Motions for Partial Summary Judgment filed by defendants in Civil Action No. 77–28 Erie and 77–147 Erie on plaintiff's claims of copyright infringement are GRANTED, and that the portions of the Plaintiff's Complaints in those actions which state a claim for copyright infringement are DISMISSED. Remaining for trial in both Civil Action No. 77–28 Erie and Civil Action No. 77–147 Erie are the plaintiff's claims for infringement of his game patent (3,999,749).