### CUSTOM DECOR, INC.

v.

### NAUTICAL CRAFTS INC.

#### Civ. A. No. 80–3042.

United States District Court,
E. D. Pennsylvania.

Oct. 7, 1980.

Martin F. Savitzky, Philadelphia, Pa., for plaintiff.

1. Plaintiff's complaint also alleged unfair competition but this contention is not at issue here.

Charles M. Solomon, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Pending before this court is plaintiff's motion for a preliminary injunction pursuant to Fed.R.Civ.P. 65(a). Plaintiff, Custom Decor, Inc., contends that defendant, Nautical Crafts, Inc. has infringed on its copyright for a duckhead sculpture using a copy thereof to adorn the handles on sets of fireplace tools sold by defendant. After careful consideration of the undisputed factual allegations recited in the pleadings, the evidence presented at hearing, memoranda of law and arguments of counsel for the parties, I grant the motion for a preliminary injunction.

Plaintiff filed this action and moved for a preliminary injunction alleging that the defendant had violated its copyright to an original piece of artwork entitled, "Duckhead Sculpture."[1] On September 3, 1980 a hearing was held on the motion; the evidence presented established that in the summer of 1978 the president of Custom Decor, Inc., William Scotton, engaged George W. Walker, a bird carver, to create an original duckhead sculpture that could be cast in brass and used as a handle for fireplace tools. It was also agreed that all rights to the finished work would belong to Custom Decor, Inc. and that the author, at plaintiff's request, would execute a written assignment of any copyright that Walker obtained for the artwork. Walker completed the duckhead sculpture and Custom Decor's president accepted it in October, 1978.

As wholesalers in the brass goods giftware business both Custom Decor and Nautical Crafts advertise their products by exhibiting them at trade shows throughout the country. In the late fall of 1978, Scotton had a few copies made in brass of the original duckhead sculpture. These copies were displayed at the Custom Decor booth at the China and Glass trade show in Atlan-

**156**

tic City on January 7, 1979. Thereafter, also in early 1979 plaintiff exhibited replicas of the sculpture at trade shows in Atlanta, Georgia and New York City. At these shows Scotton and his employees took orders for fireplace tool sets. Plaintiff sent the original duckhead sculpture to a brass foundry in Taiwan to have copies manufactured as a part of the fireplace tool sets. These tool sets, which were shipped to customers by March, 1979, carried on the neck of the sculpture a stick–on label or a stamped or molded impression of plaintiff's copyright. The copyright notice symbol appears with a picture of the set in plaintiff's 1979 catalogue.

On February 8, 1980 Walker received from the U.S. Registrar of Copyright a certificate of registration, numbered VA42–276, for the duckhead sculpture. Pursuant to their prior agreement, Walker executed an assignment of the copyright on July 8, 1980 to plaintiff. This deed of assignment was recorded in the United States Copyright Office on July 15, 1980.

I accept Scotton's statement that he first noticed Nautical Crafts displaying tool sets with duck's heads like the ones sold by Custom Decor at a trade show in Atlanta, Georgia in January, 1980. Subsequently, Nautical Crafts displayed for sale fireplace tool sets bearing, apparently, replicas of plaintiff's duck's head at trade shows held in New York City in May and August, 1980.

On January 29, 1980 Scotton directed his attorney to contact Nautical Crafts and instruct them that they were infringing on Custom Decor's copyright. Thereafter, counsel informed Scotton that the president of Nautical Crafts refused to stop selling the infringing fireplace sets. It is undisputed that defendant continues to offer for sale and to sell the infringing sets.

The president of Nautical Crafts, John Ruff, testified that in August, 1979 he received samples of duckhead and horsehead fireplace tool sets from a Taiwanese agent. In the same month, Nautical Crafts began receiving orders for the duckhead tool sets which Ruff filled through subscriptions to the foreign agent.

In its memorandum in opposition to defendant's motion, Nautical Crafts asserts that plaintiff has failed to make an adequate showing that the defendant had notice of copyright. Further, defendant's answer raises as an affirmative defense the allegation that plaintiff never made the defendant aware of any claim to copyright either by notice on the sculptures themselves or on its literature.

## II.

In *Delaware River Port Authority v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974), the Third Circuit identified four factors to be considered in deciding a motion for preliminary injunction. The moving party must establish (1) a reasonable probability of eventual success in the litigation and (2) that he will suffer irreparable injury *pendente lite* if relief is not granted. In addition, the court should consider, if they are relevant, two other factors: (1) the possibility of harm to other interested persons from the grant or denial of the injunction and (2) the public interest.

Plaintiff here has clearly met its first burden of showing eventual success on the merits. In order to show copyright infringement, a plaintiff must show that the defendant has copied the artwork which is protected by the copyright, and that there is substantial similarity between the two works. *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904 (1975); *Triangle Publications, Inc. v. Sports Eye, Inc.*, 415 F.Supp. 682, 685 (E.D.Pa.1976). The validity of the copyright is virtually undisputed. The evidence establishes that a copyright was issued covering the duckhead sculpture and that it was assigned to Custom Decor in July, 1980. Even though the infringement which plaintiff complains of occurred, in part, early in 1980 when plaintiff had not yet reduced to writing the agreement with Walker and the assignment of his rights in the copyright, this fact does not defeat Custom Decor's claim. In July, 1980 plaintiff became the assignee of the copyright and,

as such, became vested with all of its author's rights, claims and privileges; including the right to bring suit against any past and present infringors. *See Dollcraft Industries, Ltd. v. Well–Made Toy Mfg.*, 479 F.Supp. 1105, 1114 (E.D.N.Y.1978). Therefore, plaintiff may properly seek to enjoin Nautical Crafts from all acts of infringement.

■ With respect to copying, it is not necessary that plaintiff show direct evidence of copying the original sculpture. *Franklin Mint Corp. v. National Wildlife Art Exchange, Inc.*, 575 F.2d 62, 64 (3d Cir. 1978), *cert. denied* 439 U.S. 880, 99 S.Ct. 217, 58 L.Ed.2d 193 (1978). It is sufficient if visual examination of the two works reveal they are substantially similar, *id.*, and that the defendant had access to the copyright work. *Id.* The evidence discloses that defendant had sufficient access to Custom Decor's duck's head as both parties were exhibitors at some of the same trade shows.

At the hearing, John Ruff, the president of Nautical Crafts, noted several differences between the two ducks' heads: Nautical Crafts' sculpture has a longer neck and beak, eyes that protrude slightly when the figure is viewed from the back and the Nautical Craft sculpture weighs more than plaintiff's. Nevertheless, a "side by side comparison," *Clarke v. G. A. Kayser & Sons, Inc.*, 472 F.Supp. 481, 205 U.S.P.Q. 610, 611 (W.D.Pa.1979) of the two works shows them to be virtually indistinguishable.[2] The ordinary lay observer would find substantial similarity between the works. Thus, the evidence establishes a copying of plaintiff's copyrighted material and the substantial appropriation constitutes an infringement of the work.

■ Generally, a showing of likelihood of success on the merits raises a presumption of irreparable harm. *Triangle Publications, Inc. v. Sports Eye, Inc.*, 415 F.Supp. at 683. However, here plaintiff does not rely solely on the presumption in order to show that it

will be injured without the injunction. Custom Decor sells its fireplace tool sets for $85.00; whereas, Nautical Crafts sells its sets for $60.00. The brass giftware business is a highly competitive industry by virtue of the numbers of people in it and the Christmas season is the highest selling period of the year. Undoubtedly, Custom Decor's business would be severely damaged in terms of losing customers if Nautical Crafts was allowed to continue infringing pending final hearing. Without this court's immediate intervention plaintiff would not be able to maintain its competitive position in the industry and more important it would likely suffer the types of losses that are impossible to compute with any precision.

Nautical Crafts has not presented any evidence that it will be harmed by the issuance of the preliminary injunction. It is not in a position to deny the copying and can only argue good faith reliance on its supplier. Thus, in view of plaintiff's substantial likelihood of prevailing on the merits any possible harm that this injunction would cause to the defendant is minimal. There are no public interest considerations which would militate against issuing the injunction.

■ Accordingly, I grant plaintiff's motion for a preliminary injunction and enter the attached order.

## PRELIMINARY INJUNCTION ORDER

AND NOW, this 7th day of October, 1980, after notice and hearing, for the reasons set forth in the accompanying memorandum, IT IS ORDERED, ADJUDGED AND DECREED that, defendant Nautical Crafts, Inc.:

1. Cease manufacturing, importing, acquiring, selling, displaying at any trade show, marketing or otherwise disposing of any copies of a duckhead sculpture having substantial similarity with plaintiff's copyrighted DUCKHEAD SCULPTURE, or

---

**2.** Exhibits 3A to 3C attached to plaintiff's complaint are photographs of the two artworks standing together.

having the non–functional visual appearance features thereof, whether alone or attached to or in connection with fireplace tool sets, without authorization of plaintiff.

2. Plaintiff, Custom Decor, Inc., shall post security in the sum of $10,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongly injured or restrained hereby.

3. All discovery is to be completed within thirty (30) days of the date of this Order and final hearing is scheduled for 2:00 p. m. on Friday, November 21, 1980.