The **MIHALEK CORPORATION** and, Lawrence Patrick Mihalek, Plaintiffs,

v.

The **STATE OF MICHIGAN,** Governor James J. Blanchard, the Department of Commerce of the State of Michigan, Ralph J. Gerson, Director, Ross Roy, Inc., Defendants.

Civ. A. No. 84CV–7202–AA.

United States District Court, E.D. Michigan, S.D.

June 5, 1985.

Heikkinen Law Firm, P.C., Richard A. Heikkinen, Howell, Mich., Douglas W. Sprinkle, Birmingham, Mich., for plaintiffs.

Thomas A. Hallin, Asst. Atty. Gen., Lansing, Mich., Michael M. Hathaway, Vandeveer, Garzia, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on plaintiff's motion for reconsideration of the court's oral ruling of April 17 and order entered April 24, granting defendants' motion for partial summary judgment; plaintiff's *ex parte* motion to strike from the court files defendants' response to the motion for reconsideration; and plaintiff's *ex parte* motion to extend the time to serve certain party defendants. For the reasons stated herein, the motion to strike defendants' response to the motion for reconsideration is granted. The motion for reconsideration and the motion to extend time for service are denied.

## FACTS AND PROCEDURAL HISTORY

This case grows out of a controversy between plaintiffs Lawrence Mihalek and the Mihalek Corporation (hereafter jointly referred to as "plaintiff") and the State of Michigan and certain of its agents and agencies. The thrust of the case is that the state officials, and various advertising agencies working under contract with the state, appropriated plaintiff's work product, portions of which were registered under the federal copyright laws, and used those products to formulate its popular "Say Yes to Michigan" and subsequent "Yes Michigan" promotional campaigns, which seek to encourage investment and travel in this state.

Resolution of these motions should be set against a recitation of the procedural history of this case. Defendant State of Michigan originally filed suit in state court, seeking to enjoin plaintiff from issuing notices of copyright infringement to certain media interests who were publishing items of the state's promotional campaign. Plaintiff subsequently filed a four count complaint in this court, alleging copyright infringement; trademark infringement; appropriation of property without compensation, in violation of the takings clause of the fifth amendment; and unfair competition.

The state court judge before whom the first action was filed initially entered a temporary restraining order against plaintiff herein, then disclaimed jurisdiction over the controversy in light of the presence of the copyright claims, over which exclusive federal court jurisdiction is granted by 28 U.S.C. § 1338. Plaintiff herein successfully removed the state court case to this court, and all subsequent litigation has proceeded under the case arising from the complaint filed by plaintiff.

On October 11, 1984, the court granted in part and denied in part defendant's first motion to dismiss, holding that the defendants were immune from damages by operation of the eleventh amendment. The case proceeded as an injunctive action. On October 25, the court granted defendants' motion for a preliminary injunction, prohibit-

ing plaintiff from filing fu.-ther notices of copyright infringement. Plaintiff subsequently filed an amended complaint, seeking to establish a defendant class of media entities that had published the "Say Yes to Michigan" materials.

In February of this year, defendants moved to dismiss the amended complaint, or in the alternative to enjoin plaintiff from serving the complaint upon any of the proposed media defendants. Because plaintiff had neither moved for certification of a class of defendants, nor served the media entities named in the amended complaint, the court regarded this case as one against the four defendants named in the original complaint. At the hearing on defendants' motion to strike the amended complaint and to enjoin service, held on February 12, the court held that plaintiff could serve a copy of the complaint upon Ross Roy, Inc., in order to preserve his copyright claims against that defendant from operation of the statute of limitations, but forbade service on the other media entities, unless plaintiff made a particular showing that his rights were jeopardized with respect to each entity he sought to serve. The court concluded that the likely chilling effect on the state's promotional campaign resulting from service of the amended complaint on the media entities justified the relief granted.

Plaintiff's counsel subsequently contacted the chambers of this court to request an *ex parte* meeting with the judge. The asserted purpose of the meeting was to demonstrate to the judge the strength of plaintiff's copyright infringement claims. Plaintiff's counsel indicated that he believed that his case was threatened by what he presumed was the court's lack of conviction in the strength of the copyright claims.

The court convened an informal hearing, with all parties present, on February 21. The proceedings were recorded by the court reporter. Defendants' motion for summary judgment was pending before the court at that time and scheduled for hearing in April. The court did not conduct a hearing on the motion on February 21, and

no rulings whatsover were made by the court at that informal hearing, the purpose of which was merely to provide plaintiff with an opportunity to outline the factual allegations of the copyright infringment claims, with the use of physical evidence.

On April 17, the court heard and granted defendants' motion for partial summary judgment. The court concluded that the plaintiff had failed to demonstrate a genuine issue of fact concerning the substantial similarity between his copyrighted materials and the accused works that composed defendants' promotional campaign. Defendants conceded for the purposes of the motion that its agents had access to plaintiff's copyrighted materials so as to enable them to copy those materials had they so intended.

## DISCUSSION

### Plaintiff's Motion to Strike Defendants' Response

■ After plaintiff served his motion for reconsideration of the April 24 order, defendant filed a brief response with the court. Plaintiff subsequently moved *ex parte* to strike the response from the court's files, pursuant to Local Rule 17(k)(2), which provides that no response to a motion for reconsideration or rehearing shall be allowed unless the court otherwise directs. Although the court believes that the *ex parte* filing of this motion to strike was improper, it is bound by the old saw that two wrongs do not make a right. Consequently, the response will be stricken from the court's files in this matter, and was not and will not be considered in the court's ruling on plaintiff's motion for reconsideration.

### Plaintiff's Motion for Reconsideration

Plaintiff urges four grounds for reconsideration of the April 24 order, as follows:

(1) the court's holding that there was no genuine issue of material fact concerning the absence of substantial similarity between the plaintiff's copyrighted works, and defendants' accused works, was erroneous as a matter of law, because the court

failed to take into consideration the affidavits of several purported "lay observors", who asserted that they believed that defendants' promotional campaign had borrowed extensively from plaintiff's works;

(2) plaintiff was prejudiced in the preparation of his response to the motion for summary judgment by the failure of the court reporter to file a copy of the transcript of the informal February 21 hearing until April 29, almost two weeks after the hearing on the motion for summary judgment;

(3) the court improperly limited the hearing on the motion for summary judgment to 1½ hours, thereby depriving plaintiff of an opportunity to call twelve witnesses available to testify on this matter, and to present additional documentary evidence in support of his response to the motion;

(4) the court applied an erroneous legal standard in ruling on the motion for summary judgment, using the forbidden "extrinsic test" of similarity, rather than the appropriate "intrinsic test".

The court will address these arguments in turn.

*Failure to Consider Affidavits*

Plaintiff has failed to cite the court to any authority for the proposition that the affidavits of the alleged "lay observors" have any bearing whatsoever on the issue of substantial similarity, for purposes of a motion for summary judgment. The case of *Milene Music, Inc. v. Gotauco*, 551 F.Supp. 1288 (D.R.I.1982) is wholly inapposite. That case merely stands for the entirely reasonable proposition that affidavits of plaintiff's investigative agents, attesting to the occurrence of live public performances by alleged infringers, are admissible evidence and may be used to establish proof of such an occurence.

The issue presented in defendants' motion for summary judgment is whether any reasonable jury could conclude, after viewing all of the evidence presented in support of and in opposition to the motion, granting all permissible inferences in favor of the plaintiff, that defendants' accused works were substantially similar to plaintiff's copyrighted works. Although the question of substantial similarity is generally one of fact for the jury, the presentation of a motion for summary judgment gives rise to a legal question of the existence of genuine question of material fact. *Cf. Alexander v. Haley*, 460 F.Supp. 40 (S.D.N.Y.1978) (granting defendants' motion for summary judgment against claims of copyright infringement, finding no substantial similarity between plaintiff's protectable works and defendant's works).

The issue should be further refined. Defendants have challenged the validity of plaintiff's copyrights, to the extent that he has attempted to claim protection over certain matters that are not the proper subject of copyright. In this regard, they argue that the only similarities between plaintiff's works and the Michigan promotional campaigns is that both address a common general subject: promotion of the state's natural and cultural resources. Defendants contend that plaintiff is attempting no less than to maintain a copyright over the enterprise of promoting the state of Michigan.

There are of course limitations on the subject matter that can be protected by copyright. Matters of historical or contemporaneous fact, material traceable to the public domain or folk custom, "scenes a faire" (such as incidents, characters or settings which are as a practical matter, indispensable in the treatment of a given topic), and cliched language are examples of subjects over which an author cannot claim exclusive use. *See Alexander v. Haley*, 460 F.Supp. at 44–46. Thus, the fact that both plaintiff and the creators of the state's campaigns sought to extol certain features of the state can not form the basis for an action of infringement. The question before the court becomes whether those portions of the plaintiff's works that are protectable by copyright, those expressions which are original to his creation, are substantially similar to the accused works.

**14**

■ Faced with such a motion, the court must conduct a side-by-side examination of the two sets of works, and determine if a reasonable jury could find such a substantial similarity. *See Clarke v. G.A. Kayser & Sons, Inc.,* 472 F.Supp. 481, 482 (W.D. Pa.1979).

Prior to the hearing on the motion, the court was presented with voluminous physical evidence by both sides, purporting to represent the documentary manifestations of plaintiff's copyrighted works, and the state's promotional campaigns. The court conducted an examination prescribed by the *Clarke* opinion prior to the hearing on the motion. As a result of this examination, and in light of the arguments of counsel at the hearing on the motion, the court found that there was no substantial similarity between the defendant's promotional campaigns, and those portions of plaintiff's registered works that were protectable by the copyright laws, either viewing those works as integrated wholes, or in terms of their constituent elements. As the court's ruling on the motion for summary judgment indicates, the court further found that there could be no genuine question of material fact on this issue.

■ In coming to this conclusion, the court did not and could not take into consideration the affidavits filed by plaintiff, representing the conclusions of purported average lay observers, that the two sets of works were substantially similar.

First, plaintiff has failed to establish that these persons were in fact "average lay observers". Indeed, the affidavits betray a strong sense of sympathy for plaintiff, and a concomitant inability to evaluate the evidence objectively.

Second, there is no indication from the affidavits that the affiants applied the correct legal standard. The affiants variously recite that upon viewing the media publications of the state's promotional campaign, they believed that the state had either hired plaintiff to develop the campaign, or else had improperly borrowed plaintiff's works in developing the campaign. These statements do not go to the precise issue of whether or not there is a substantial similarity between the two works.

Finally and most fundamentally, the affidavits are an irrelevent form of evidence for purposes of the issue presented by the defendant's motion. As indicated above, the question of whether or not there exists a genuine question of material fact with respect to the issue of substantial similarity is one of law for the court. The proper inquiry is whether or not a hypothetical jury, impaneled in this case and presented with plaintiff's proofs of infringement, could reasonably conclude that the two sets of works were substantially similar. The court must, in effect, set the minimum legal standard for submission of the case for jury deliberation.

Taken in a manner most favorable to the plaintiff, the affidavits can be construed to indicate that the affiants themselves believe that there is a substantial similarity between the two bodies of works. But the affiants can not substitute their judgment for that of the court with respect to establishing the minimum standard.

### Late Filing of the Transcript of the February 21 Hearing

■ Plaintiff contends that he was prejudiced by his inability to secure a copy of the transcript of the February 21 informal hearing for use in opposition to the defendant's motion for summary judgment. Although some of the same issues that were raised by the defendant's motion for summary judgment were addressed at that informal hearing, the court fails to understand how plaintiff was prejudiced in any way by absence of a transcript. The court made no findings nor rulings at that hearing, but merely gave plaintiff an opportunity to apprise the court of the contours of his case. In this respect, the hearing was akin to a pretrial conference, which is generally conducted off the record. The court provided the services of a reporter for the convenience of the parties, and perhaps out of an abundance of caution. In any event, nothing said at the February 21 hearing

influenced the court's ruling on defendants' motion for summary judgment.

### Time Limitations Imposed by the Court on the Hearing on the Motion for Summary Judgment

Plaintiff contends that he was prejudiced by the fact that the court limited the hearing on the motion for summary judgment to an hour and a half. He contends that he was prevented from presenting numerous witnesses and additional documentary evidence in response to the motion.

■ Again, plaintiff has failed to cite any authority to support his contention that he is entitled to unlimited devotion of the court's time on a motion hearing. Indeed, Local Rule 17(j) of this court provides that the court has discretion to deny oral hearings altogether on such motions.

Further, plaintiff has failed to describe what his witnesses would have testified to, and how their testimony was essential to his response. Indeed, if he sought to introduce testimentary evidence concerning defendants' access to his copyrighted works, that testimony would have been irrelevant, because defendants had conceded that issue for purposes of this motion. In order to prevail on their motions, defendants had to demonstrate, and did demonstrate, the absence of a genuine issue of material fact concerning substantial similarity, which issue is independent from that of access. If plaintiff sought to introduce additional testimentary evidence that certain persons who viewed both plaintiff's works and defendants' campaigns believed that substantial similarity existed between the two, that testimony would have been irrelevant, for the reasons set forth *supra* regarding plaintiff's affidavits on this score.

### Failure of the Court to Apply the Appropriate Test for Substantial Similarity

Plaintiff relies on the case of *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir.1977), as he did in his response to the motion for summary judgment, for the proposition that the court must apply an "intrinsic test" to the question of whether or not a substantial similarity exists between the protected expressions of plaintiff's works, and the expressions of defendant's accused works. The *Krofft* court held that the alternative "extrinsic" test, used to test the similarity between "ideas", which are not protected by the copyright laws, should not be applied to test the similarity of expressions. *Id.* at 1165.

Plaintiff contends that the court employed the improper extrinsic test, and compared the dissimilarity between constituent elements of the two bodies of works, in reaching its conclusion that substantial similarity was absent. Plaintiff cites to the court's oral ruling on the motion, in which it noted the dissimilarity between the themes of the two bodies of works, and certain physical mediums for expression of those themes, such as hats, t-shirts, and license plates.

The court did indeed draw attention to the dissimilarities between these components of the two bodies of works. In so doing, it did not abandon the intrinsic test espoused by the *Krofft* court. Indeed, defendants did not challenge the application of *Krofft* to the facts of this case, and the court adopted the reasoning of that case in analyzing the motion for summary judgment. The court concluded, and indicated in its oral ruling, that there was no substantial similarity between the two bodies of works, taken either as integrated wholes, or as collections of their discrete elements, such as the t-shirts, caps, and so on. In so doing, the court found that the defendant did not take

> from plaintiff's works so much of what is pleasing to the eyes and ears of lay persons who comprise the audience for whom such popular works are composed, (so) that defendant wrongfully appropriated something which belongs to plaintiff.

*Krofft, supra,* 562 F.2d at 1165 (citing *Arnstein v. Porter,* 154 F.2d 464, 472 (2d

**16**

Cir.1946), *cert. denied,* 330 U.S. 851, 67 S.Ct. 1096, 91 L.Ed. 1294 (1947)).

█ The fact that the two bodies of works were not substantially similar for purposes of the extrinsic test does not lead to the conclusion, either as a matter of logic or under the facts of this case, that those bodies were substantially similar for purposes of the intrinsic test. Indeed, the court found that they were not substantially similar under the intrinsic test.

For all the foregoing reasons, plaintiff's motion for reconsideration is denied.

*Plaintiff's Motion to Extend Time to Serve Party Defendants*

Plaintiff contends that, upon granting his motion for reconsideration, and reinstating the copyright claims in this case, the court should permit him to serve the amended complaint on the remaining media defendants named in that document who have yet to be served. Plaintiff contends that he has made a substantial showing that he will be prejudiced if he is enjoined from effecting such service.

█ Because the court continues to believe that the copyright claims are infirm as a matter of law, and that the original defendants were entitled to summary judgment on those claims, the proposed media defendants would have a perfect defense to those claims as well, under the law of the case. Further, plaintiff has made no showing that his non-copyright claims against any of these media entities would be prejudiced by denying him the opportunity to serve those entities at this time. Consequently, the motion is denied.

SO ORDERED.