The **MIHALEK CORPORATION** and Lawrence Patrick Mihalek, Plaintiffs-Appellants,

v.

The **STATE OF MICHIGAN,** Governor James J. Blanchard, the Dept. of Commerce of the State of Michigan, Ralph J. Gerson, Director, Ross Roy, Inc., Defendants-Appellees.

Nos. 84–1851, 84–1854, 85–1593 and 84–1986.

United States Court of Appeals, Sixth Circuit.

June 8, 1987.

Before MERRITT, WELLFORD, and NORRIS, Circuit Judges.

ORDER

We filed an opinion in this cause on March 18, 1987, 814 F.2d 290, affirming the decision of the district court and denying plaintiffs the relief sought for alleged misappropriation of their copyrighted and trademark materials and ideas in the advertising plan in controversy. The petition for rehearing asserts that we failed to reach two issues in our prior opinion. First, the misappropriation claim included the contention that defendants, through governmen-

tal and state action, had taken their property without compensation within the meaning of the fifth amendment. Our opinion does not specifically mention the fifth amendment claim. It is clear, however, that our holding was to the effect that as a matter of law there was no "taking" of plaintiffs' materials and concepts and those utilized by defendants. We found no error in the district court's conclusion that defendants had not used, appropriated, or benefitted from plaintiffs' property in the form of ideas, materials, or advertising concepts. There was, then, no violation of plaintiffs' claimed fifth amendment rights.

Plaintiffs also assert that we failed to address their claims of "direct photocopying by defendants" of "copyrighted advertising program plan at the direction of two of the highest officials in the Michigan Department of Commerce." This contention involves the statement made in plaintiffs' brief that two state officials had kept two photocopies of some of the copyrighted material. This photocopying was assertedly discovered during plaintiffs' Michigan Freedom of Information Act investigation following selection by defendants of another advertising program.

It is not clear whether defendants asserted "fair use" as an affirmative defense in this case, nor whether there may have been a technical, although possibly *de minimis non curat lex* violation of 17 U.S.C. § 106 in the alleged retention of photocopies by two state officials. This question was not specifically addressed by the district court in his decision nor does it appear that this failure to address this issue was called to his attention by the parties. We believe it is best for the district court in the first instance to address this contention. We therefore REMAND the question of alleged photocopying by state officials and whether, if it occurred, this constituted a violation of plaintiffs' claimed rights in any respect in light of the record made by the parties.