9 F.3d 1548
 1993 Copr.L.Dec. P 27,170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MIHALEK CORPORATION, Plaintiff,
Lawrence Patrick Mihalek, Plaintiff-Appellant,
v.
STATE OF MICHIGAN; James J. Blanchard, Governor; the
Department of Commerce; Ralph J. Gerson,
Director; Ross Roy, Incorporated,
Defendants-Appellees.
 No. 92-1641.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1993.
 
 Before: NORRIS and SILER Circuit Judges; and OAKES,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Lawrence Mihalek (Mihalek) challenges the district court's adverse summary judgment decision resulting in dismissal of his action based on copyright and trademark infringement. For reasons stated hereafter, we affirm.
 
 Background
 
 2
 This case has a lengthy procedural history. In 1984, Mihalek, on behalf of himself and his corporation, Mihalek Corporation, sued the State of Michigan and state officials for injunctive relief and money damages based, inter alia, on claims of copyright and trademark infringement in connection with Michigan's "Say Yes to Michigan" and "Yes M! CH!GAN" promotions. After an evidentiary hearing, the district court granted summary judgment against Mihalek holding there was no substantial similarity between the works of Mihalek and the works of the State. In subsequently denying Mihalek's motion for reconsideration, the district court issued a written opinion explaining further the facts surrounding Mihalek's claims and the court's reasons for granting summary judgment. See Mihalek Corp. v. Michigan, 630 F.Supp. 9 (E.D.Mich.1985).
 
 
 3
 On appeal to this court, the judgment in favor of defendants was affirmed in Mihalek Corp. v. Michigan, 814 F.2d 290, 297 (6th Cir.1987), cert. denied, 484 U.S. 986 (1987). Mihalek petitioned this court for rehearing. On June 8, 1987, Mihalek's petition was granted and his case was remanded to the district court on the limited issue of whether acts of state officials in making and retaining two photocopies of Mihalek's copyrighted material constituted a violation of Mihalek's rights in light of the record made by the parties. Mihalek Corp. v. Michigan, 821 F.2d 327, 328 (6th Cir.1987).
 
 
 4
 On remand, the district court, after waiting some four years for Mihalek to proceed in his action, issued an order on June 27, 1991, setting the date for a final pretrial conference and trial. Defendants filed a motion for summary disposition based on a "fair use" argument and immunity under the Eleventh Amendment. After responding to defendants' motion, Mihalek's counsel withdrew from the case. The trial court, assuming arguendo the defendants made and retained photocopies as alleged, held that any retention of copies of Mihalek's material constituted a fair use and did not in any manner infringe on his rights. Therefore, the court granted summary judgment in favor of defendants, but did not pass on the question of Eleventh Amendment immunity.
 
 
 5
 On appeal, defendants moved to dismiss this case for lack of subject matter jurisdiction based on the fact that Mihalek Corporation owns the entire interest in the works which are the subject of the underlying suit and the corporation was not a proper party before the court as it was not represented by legal counsel. This court denied the motion to dismiss with regard to Mihalek individually. However, the court ruled that Mihalek Corporation is not properly before this court as Mihalek is not an attorney qualified to represent Mihalek Corporation. Therefore, Mihalek is the only party plaintiff before this appellate court.
 
 Discussion
 
 6
 Review of a district court's grant of summary judgment is de novo. Monks v. General Elec. Co., 919 F.2d 1189, 1192 (6th Cir.1990). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 
 7
 Mihalek, appearing before this court pro per, incorporates by reference in his two-page brief the voluminous record from the lower court including documents which are outside of this court's review as they were not part of the original record when Mihalek began this litigation in federal district court. See Mihalek Corp., 821 F.2d at 328. The only argument expressly made in Mihalek's brief is that "the rulings in this case are moot in light of" two cases: Feist Publications, Inc. v. Rural Telephone Service Co., 111 S.Ct. 1282 (1991), and Roulo v. Russ Berrie & Co., 886 F.2d 931 (7th Cir.1989), cert. denied, 493 U.S. 1075 (1990).[1]
 
 
 8
 Defendants argue that even if the alleged unauthorized photocopying and retention did occur, such action was a "fair use" under 17 U.S.C. § 107[2] which carves out an exception to the exclusive rights of a copyright owner to make copies of his work under 17 U.S.C. § 106.[3] Defendants use the four criteria set out in 17 U.S.C. § 107 to show the alleged photocopying by defendants was a fair use. They argue as follows. First, defendants did not make commercial use of Mihalek's work.[4] Second, the nature of the copyrighted work also supports a fair-use finding in this case as the thing allegedly photocopied was a written document supplementing a proposal previously submitted by Mihalek. Third, defendants did not use any of the copyrighted work in their own work, as this court has already decided, and, moreover, the work was returned to Mihalek. Fourth, there was no effect on the potential market for Mihalek's work because all the defendants did was make and retain photocopies of Mihalek's proposal in their file. There is no evidence that the retention of the photocopies damaged Mihalek in any way. Therefore, defendants argue that the photocopying and retention of Mihalek's work was a fair use.[5]
 
 
 9
 The trial court was correct in granting summary judgment in favor of defendants. Mihalek's claims are patently without merit. Mihalek is under the mistaken impression that this court will review de novo his original claim that his copyrighted work and the work of defendants are substantially similar, thus evidencing copyright infringement. Neither of the cases cited in Mihalek's brief deal with the issue of whether photocopying and retention of a document alone may constitute copyright infringement. Roulo deals with the determination of whether two works are substantially similar. 886 F.2d at 939. Feist Publications, Inc. sets out the principle that a factual compilation is not subject to copyright protection unless it features an original selection or arrangement of facts. 111 S.Ct. at 1290. This court has already concluded that there are no substantial similarities between Mihalek's work product and that of defendants. Mihalek Corp., 814 F.2d at 295-96. Further, this court explicitly limited its remand to the district court to the issue of whether the photocopying by defendants, if it occurred, constituted a violation of Mihalek's rights. Mihalek Corp., 821 F.2d at 328. Mihalek has failed to provide any evidence that the alleged photocopying and retention of his work on the part of defendants violated his rights.
 
 
 10
 Even if Mihalek could show a technical violation of 17 U.S.C. § 106 in the alleged retention of photocopies by the defendants, such violation would fall under the legal maxim de minimis non curat lex ("the law cares not for trifles"). This maxim "is often, perhaps typically, used ... to denote types of harm, often but not always trivial, for which the courts do not think a legal remedy should be provided." Hessel v. O'Hearn, 977 F.2d 299, 304 (7th Cir.1992). The doctrine of fair use has been described as being a " 'partial marriage' " to the maxim de minimis non curat lex. Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 451 n. 34 (1984) (quoting Latman, Fair Use of Copyrighted Works (1958), reprinted in Study No. 14 for the Senate Committee on the Judiciary, Copyright Law Revision, Studies Prepared for the Subcommittee on Patents, Trademarks and Copyrights, 86th Cong., 2d Sess., 30 (1960)).
 
 
 11
 The "partial marriage" analogy in Sony Corp. is fitting. In certain situations, like in the present case, the copyright owner suffers no substantial harm, if any, from the use of his work. In such instances, the use should be considered a "fair use," or alternatively, should be considered a de minimis violation of 17 U.S.C. § 106 for which the courts should not provide a remedy. Cf. Sony Corp., 464 U.S. at 450 (stating that "a use that has no demonstrable effect upon the potential market for, or the value of, the copyrighted work need not be prohibited in order to protect the author's incentive to create."); Dun v. Lumbermen's Credit Ass'n, 209 U.S. 20, 23 (1908) (quoting the court of appeals which held that "the proportion [of copied material] is so insignificant compared with the injury from stopping appellees' use of their enormous volume of independently acquired information, that an injunction would be unconscionable."). In this case, even if there was a technical violation of 17 U.S.C. § 106, Mihalek suffered no substantial harm, if any, from such violation. Therefore, Mihalek is not entitled to a remedy for the alleged violation of his rights.
 
 
 12
 We need not address the issue of Eleventh Amendment immunity as Mihalek has failed to show a compensable violation under 17 U.S.C. § 106.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable James L. Oakes, Senior Judge for the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Even in Mihalek's response to the motion for summary judgment, which was prepared by his attorney, the arguments only address the alleged commercial use of Mihalek's work by defendants. The issue of copyright infringement based on photocopying and retention of copyrighted documents was not addressed
 
 
 [2]
 17 U.S.C. § 107 sets out four factors to be considered when determining whether the use made of a work is a fair use:
 (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
 (2) the nature of the copyrighted work;
 (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
 (4) the effect of the use upon the potential market for or value of the copyrighted work.
 
 
 [3]
 17 U.S.C. § 106 provides in relevant part: "Subject to sections 107 through 120, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords."
 
 
 [4]
 This court has already unanimously affirmed the district court's ruling that defendants' work is not substantially similar to the work of Mihalek. See Mihalek Corp., 821 F.2d at 327-28; Mihalek Corp., 814 F.2d at 296-97. Therefore, defendants did not make commercial use of his work
 
 
 [5]
 Defendants also argue that the Copyright Act exists primarily to protect the public and that the public would not be benefitted by a ruling which would inhibit businesses from keeping records of copyrighted proposals by making and retaining a photocopy of them. They contend that prudent business practice requires that records of past proposals be kept on file. While defendants' argument contains merit, this court will resolve the underlying dispute without relying on this public policy argument