**BLUMCRAFT OF PITTSBURGH,**
Plaintiff-Appellant,

v.

**NEWMAN BROTHERS, INC., Defendant-Appellee.**

No. 16914.

United States Court of Appeals
Sixth Circuit.

March 15, 1967.

James C. McConnon, Philadelphia, Pa., for appellant, Taft, Stettinius & Hollister, John H. Clippinger, David W. Matthews, Cincinnati, Ohio, on the brief, Henry N. Paul, Jr., Paul & Paul, Philadelphia, Pa., of counsel.

Burton Perlman, Cincinnati, Ohio, for appellee, Robert P. Goldman, of Paxton & Seasongood, Cincinnati, Ohio, on the brief.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Blumcraft of Pittsburgh, a partnership and plaintiff-appellant, brought this action in the United States District Court for the Southern District of Ohio against Newman Brothers, Inc., a corporation and defendant-appellee, for an injunction and for damages for the infringement of a copyright. Jurisdiction is invoked under Section 1338(a) and 1400(a), Title 28, U.S.C.

At the time the action was brought, Blumcraft was, and for more than sixty years prior thereto had been, active in the creation of ornamental iron designs for use in the architectural field. After 1945, Blumcraft entered upon the development of a new railing system. This railing system was described as being "based upon an entirely new concept wherein the handrails 'float' in space away from the supporting posts." Coincident with the development of the railing system, Blumcraft developed an advertising catalog designed to present its product in a new and different manner. This catalog contained a carefully prepared, unique and distinctive illustration of the railing. This illustration was used in the 1953 catalog and with some variations in the subsequent catalogs issued annually thereafter through 1959. This unique illustration became known to the architects of the country as a Blumcraft design. This 1959 catalog was copyrighted and on November 27, 1959, Blumcraft received from the Register of Copyrights a Certificate of Registration, identified as Class A Registration, No. A 417619. (Sections 11 and 209, Title 17, U.S.C.)

Newman Brothers was also engaged in the ornamental design and railing business and had been for many years. It too put out annual catalogs. Its 1962 catalog was the first catalog in which it advertised a floating railing concept alleged by Blumcraft to be similar to their design. This catalog was published under the title of "Econo Rail, New Distinctive Aluminum Extruded Quality Railing." It is alleged by Blumcraft that this catalog contained an illustration bearing the expression and the manner of illustration employed by them in their copyrighted catalog.

Specifically it is charged that the illustrations on the front cover and in the upper lefthand corner of page two of the 1962 Newman Brothers' catalog were copied from the illustration on the lefthand side of page 12 of the 1960 copyrighted catalog of Blumcraft. Both parties moved for summary judgment. The motions were submitted to the district judge on the pleadings, answers to interrogatories submitted by both parties, affidavits submitted on behalf of both parties and depositions submitted on behalf of Newman Brothers. Upon consideration, the district judge granted judgment to Newman Brothers. This appeal followed.

The basic question before us is whether there is any genuine issue as to any material fact from which it might be determined that Newman Brothers copied or caused to be copied the copyrighted illustration of Blumcraft. (Rule 56(e) F.R.Civ.P.)

▮ The registration certificate establishes a prima facie case of originality of the copyrighted article in the holder thereof and a prima facie presumption as to all of the facts stated therein. Section 209, Title 17, U.S.C.; Drop Dead Co. v. S. C. Johnson & Son, Inc., 326 F.2d 87 (C.A. 9), cert. den. 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 177; Rohauer v. Friedman, 306 F.2d 933 (C.A. 9); Vance v. American Society of Composers, Etc., 271 F.2d 204 (C.A. 8), cert. den. 361 U.S. 933, 80 S.Ct. 373, 4 L.Ed.2d 355; Nimmer on Copyright, Sections 139.1 and 139.2. Infringement is established when one copies without authority from a copyrighted article of another. Copying by a defendant can rarely be proven by direct evidence. It is proper to consider all of the facts and circumstances in connection with the development of the accused article. Evidence of access and substantial similarity are in themselves sufficient to create an inference of copying and

to establish a prima facie case of copying. When a plaintiff has made a strong prima facie case of copying by proving access and similarity, the burden of going forward shifts to the defendant and he must offer evidence to negative the probability of copying. Bradbury v. Columbia Broadcasting System, Inc., 287 F. 2d 478 (C.A. 9), cert. dismissed 368 U.S. 801, 82 S.Ct. 19, 7 L.Ed.2d 15; Overman v. Loesser, 205 F.2d 521 (C.A. 9), cert. den. 346 U.S. 910, 74 S.Ct. 241, 98 L.Ed. 407; Arnstein v. Porter, 154 F.2d 464 (C.A. 2); Nimmer on Copyright, Section 139.4.

In this case access is established beyond any question. Elmer S. Newman, Vice President of Newman Brothers, stated in his affidavit that prior to the preparation of the 1962 catalog in question he was familiar with the Blumcraft catalogs and had them in his possession. Mr. Liebing, the artist who prepared the illustration in question for Newman Brothers, testified on deposition that Mr. Newman showed him the Blumcraft catalog before he prepared the Newman Brothers illustration. Substantial similarity between the two illustrations in question is obvious to a layman. Alfred M. Marks, a practicing architect for forty-four years stated in an affidavit,

> "I took care to compare the lines in the Newman Brothers catalog with those in the Blumcraft catalog and I determined by tracing paper comparison that the pair of lines in the Newman Brothers catalog are identical in spacing and in relative position to the lines of the Blumcraft of Pittsburgh catalog. They are not merely similar; the lines of the Newman Brothers illustration could be superimposed on top of the Blumcraft of Pittsburgh lines. In view of the fact that the lines employed by Newman Brothers could have had any spacing and proceeded at almost any angle with any orientation the likelihood of such identical lines is too remote to be coincidental. As a practical matter the odds against these lines being identical without tracing them are astro-

> nomical. * * * This compels the conclusion that the lines, of Newman Brothers, Inc., were derived from the Blumcraft of Pittsburgh illustration at page 12 of the 1960 catalog.

> *   *   *   *   *   *

> "Further, in view of Newman Brothers' use of so many arbitrary features found in Blumcraft's copyrighted presentation, the conclusion is inescapable that Newman Brothers illustration must have been derived therefrom.

> *   *   *   *   *   *

> "In my opinion an ordinary observer including architects would confuse the illustration by Newman Brothers with that of Blumcraft of Pittsburgh."

Here is not only creditable evidence of similarity but strong evidence of actual copying.

The district judge also had before him an affidavit of Neville F. Smith, an expert in the field of commercial art. He analyzed the two illustrations by a comparison of their respective elements and concluded that the Newman illustration was conceived independently of the Blumcraft illustration. Mr. Smith, too, is a creditable witness. Without discussing other evidence that was before the district judge, these two affidavits certainly establish conflicting and disputed views on material facts essential to a determination of the issues involved. The case could not be decided without weighing this conflicting evidence and accepting the view of one or the other of these expert witnesses.

We conclude that there are genuine issues of material facts which cannot be decided as a matter of law. Upon trial, Blumcraft by showing access and substantial similarity would have established a prima facie case of copying. It would then have been incumbent upon Newman Brothers at a trial to go forward with evidence to negative such inference of copying. This is not to say that the ultimate burden of proof to establish infringement is not on Blumcraft.

■ The district judge in his memorandum opinion said there could be no infringement because the illustrations were of assemblies of the respective products of the parties. This is a circumstance to be considered with all of the other facts in the case. One cannot copy the copyrighted illustration of another's product even though it may precisely illustrate one's own product. The district judge said further that Blumcraft had placed the expression of its illustration in the public domain. This too we think is a proper subject of evidence to be submitted upon a trial of the issues.

The judgment of the District Court is vacated and the case remanded for trial.