**MONOGRAM MODELS, INC., Plaintiff-Appellee,**

v.

**INDUSTRO MOTIVE CORPORATION and Henry G. Michael, Defendants-Appellants.**

**No. 21060.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 1971.

Dee Edwards, Detroit, Mich., on brief for defendants-appellants.

Michael G. Berkman, Chicago, Ill., for plaintiff-appellee; James T. Heimbuch, Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., on brief; Esther O. Kegan, Kegan, Kegan & Berkman, Chicago, Ill., co-counsel.

Before PECK, BROOKS and KENT, Circuit Judges.

BROOKS, Circuit Judge.

This is an appeal by defendants-appellants, Industro Motive Corporation and Henry G. Michael, the corporation's president and major stockholder, from a judgment of the District Court holding that defendants infringed plaintiff-appellee's copyrights on two scale plastic model airplane kits. The District Court granted summary judgment for plaintiff, Monogram Models, Inc., permanently enjoining defendants from future infringing of plaintiff's copyrights. The question of damages and the personal liability of Henry Michael as president and major stockholder of defendant corporation were not resolved.

In granting summary judgment, the District Court drew certain legal and factual conclusions which it termed "general observations". First, the District Court held that plaintiff's plastic scale model airplanes were proper subject matter for copyright protection. Second, there was nothing "to attack the presumption of validity" of plaintiff's copyrights. Apparently, the Court was making reference to the statutory requisites for copyrightability, particularly the giving of proper notice of copyright on the model airplanes. Third, that defendant's model airplanes were wholesale copies of plaintiff's airplanes and the factual posture of the case made summary judgment appropriate.

On this appeal defendant has challenged each of these holdings claiming that plastic scale model airplanes are not copyrightable but, if copyrightable, plaintiff failed to give proper notice of copyright, 17 U.S.C. §§ 10, 19, and, therefore, loses any protection it might have had. And that there are genuine issues of material fact, including whether defendant's model airplanes were plagiarized from plaintiff, which removes the case from the category where granting summary judgment would be proper. Defendant also contends it was error for the District Court to have granted only partial summary judgment thereby leaving the question of damages and the liability of Henry Michael unresolved. For reasons hereafter stated, we affirm the District Court's legal conclusion as to the copyrightability of plastic scale model airplanes, but reverse and remand for trial and resolution of certain factual disputes and questions.

Our disposition of this case reflects the fact that on the present record it is not possible to review any other question but the legal one respecting the copyrightability of scale plastic model airplanes. As regards the propriety of the grant of summary judgment, we hold this case has raised several genuine issues of material fact thereby making summary handling of the matter under Rule 56 Federal Rules of Civil Procedure impossible. Specifically, there appear to be conflicts raised over the infringement question by the opposing affidavits for summary judgment. See generally, Blumcraft of Pittsburgh v. Newman Brothers, Inc., 373 F.2d 905 (6th Cir. 1967). In considering the motions for summary judgment, the District Court had before it the pleadings, two sets of interrogatories, three affidavits and the airplane models. In one set of interrogatories, defendant had responded affirmatively to the general question whether it copied any component of either of

plaintiff's models. Yet, in defendant's affidavit specific similarities between each company's models, which plaintiff claimed to be proof of plagiarism, were explained as technical or standard trade methods commonly used by all manufacturers of plastic model airplanes. While there was a general admission of copying, the fact that scale models were of the same actual airplanes and that similarities were explained in terms of common industrial practices tends to raise a genuine issue of fact as to whether the similarities were simple resemblances, being a natural by-product of the expression of identical ideas, or copyright infringement. Sunset House Distributing Corporation v. Doran, 304 F.2d 251, 252 (9th Cir. 1962); Alfred Bell and Company, Ltd. v. Catalda Fine Arts, Inc., 191 F.2d 99, 103 (2nd Cir. 1951); Ricker v. General Electric Company, 162 F.2d 141, 142 (2nd Cir. 1947).

■■ Moreover, there appear to be other important factual disputes, such as the sufficiency of copyright notice and the extent of the subject matter protected by the copyright certificate, which were not specifically addressed but require development and resolution by the District Court. While it is recognized that once a copyright certificate is issued it is prima facie evidence of the facts stated therein, 17 U.S.C. § 209, Nimmer on Copyrights §§ 139.1, 139.2, and that initial publication was with sufficient copyright notice, Tennessee Fabricating Company v. Moultrie Manufacturing Company, 421 F.2d 279 (5th Cir. 1970), the presumption is clearly rebuttable, Rohauer v. Friedman, 306 F.2d 933 (9th Cir. 1962); Jerry Vogel Music Company v. Forster Music Publisher, 147 F.2d 614, 615 (2nd Cir. 1945). Since the burden of going forward shifts to the defendant following proof of issuance of the copyright, Blumcraft of Pittsburgh v. Newman Brothers, Inc.,

supra, 373 F.2d at 907; Rohauer v. Friedman, supra, 306 F.2d at 935, and as in this case there exists on the face of a copyright certificate ambiguity as to the extent of the subject matter protected,[1] as well as a specific affirmative attack on a copyright for lack of adequate notice, a defendant should be permitted the opportunity to introduce supporting evidence to satisfy the burden of going forward. Accordingly, we reverse and remand this action to the District Court for consideration and trial on the factual questions presented, among which are:

1. Did the registration for copyright filed by plaintiff and the copyright certificate cover the actual plastic model airplane and not simply the instruction sheet for assembly and the decorative container packaging the plastic pieces of the model airplane?

2. Was there sufficient and adequate legal notice of copyright on all the subject matter (instruction sheets, containers and plastic models) for which plaintiff seeks copyright protection?

3. Was there ever a period during which the alleged copyrighted subject matter was manufactured without copyright notice,[2] and if so was there an abandonment to the public domain?

4. If valid, were plaintiff's copyrights infringed by defendants' models?

Resolving whether scale plastic model airplanes are proper subject matter for copyright protection presents a unique problem in statutory construction. Section 4 of the Copyright Act (17 U.S.C. § 4) provides: "The works for which copyright may be secured under this title shall include all the writings of an author." Then section 5 ("Classification of works for registration") provides:

The application for registration shall specify to which of the following

---

1. See note 3 infra.

2. A basis for this question arises because it appears from the record that over two

years elapsed between the first public sales of the model airplanes and filing for copyright protection.

classes the work in which copyright is claimed belongs:

(a) Books, including composite and cyclopedic works, directories, gazetteers, and other compilations.

(b) Periodicals, including newspapers.

(c) Lectures, sermons, addresses (prepared for oral delivery).

(d) Dramatic or dramatico-musical compositions.

(e) Musical compositions.

(f) Maps.

(g) Works of art; models or designs for works of art.

(h) Reproductions of a work of art.

(i) Drawings or plastic works of a scientific or technical character.

(j) Photographs.

(k) Prints and pictorial illustrations including prints or labels used for articles of merchandise.

(*l*) Motion-picture photoplays.

(m) Motion pictures other than photoplays.

The above specifications shall not be held to limit the subject matter of copyright as defined in section 4 of this title, nor shall any error in classification invalidate or impair the copyright protection secured under this title.

Plaintiff's two plastic model airplanes are called F–105 Thunderchief and A1–E Skyraider. The F–105 Thunderchief is registered in class (a) (Books, etc.) and the A1–E Skyraider is registered in class (g) (Works of Art, etc.).[3] The fact that these classifications are perhaps not accurate descriptions of the subject matter sought to be copyrighted apparently is of no consequence. 17 U. S.C. § 5; see also, Day-Brite Lighting, Inc. v. Sta-Brite Fluorescent Manufacturing Company, 308 F.2d 377 (5th Cir. 1962); Peter Pan Fabrics, Inc. v. Dan River Mills, Inc., 415 F.2d 1007 (2nd Cir. 1969); Bouvé v. Twentieth Century Fox Film Corporation, 74 App.D.C. 271, 122 F.2d 51 (1941). It is a legitimate question as to how certain of the classifications, such as photographs, motion pictures and "Works of art; models or designs for works of art" can be reconciled as "writings of an author."[4] However, courts have held, either by assuming sub silentio or through the use of a legal fiction, that the phrase "writings of an author" is not to be literally construed so as to restrict the scope of copyrightable subject matter. Thus, there has been upheld copyright protection on "writings of an author" as far removed from a literal definition of "writings" and "author" as miniature statues of certain religious shrines, Allegrini v. DeAngelis, 59 F.Supp. 248 (E. D.Pa.1944), aff'd. 149 F.2d 815 (3rd Cir. 1945); miniature reproduction of Robins' "Hand of God", Alva Studios, Inc. v. Winninger, 177 F.Supp. 265 (S.D. N.Y.1959); a doll called Zippy in the form of a chimpanzee which appeared on the old Howdy Doody television program, Rushton v. Vitale, 218 F.2d 434 (2nd Cir. 1955); a filigreed room divider, Tennessee Fabricating Company v. Moultrie Manufacturing Company, 421 F.2d 279 (5th Cir. 1970); costume jewelry, Boucher v. DuBoyes, 253 F.2d 948 (2nd Cir. 1958); plastic Boxer and

3. The Certificate of Registration for the Thunderchief listed under the section for "Title" "F–105 THUNDERCHIEF, being a container and instruction sheet for the assembly of a scale model airplane and components thereof." The Certificate for the Skyraider listed under the section for "Title" "A1–E Skyraider" and under the "Nature of Work: section Scale Model Airplane."

4. Since this appeal does not raise a constitutional challenge we only allude to the fact that there has been some probative concern expressed that the grant of Congressional power provided in Article I, § 8 of the Constitution is perhaps not as broad as has been exercised in the Copyright Act. See Mr. Justice Douglas' opinion in Mazer v. Stein, 347 U.S. 201 at 219 and note 5, 74 S.Ct. 460, 98 L. Ed. 630 (1953) of Mr. Justice Reed's majority opinion in Mazer v. Stein at 206–208, 74 S.Ct. at 464–466.

Cocker Spaniel dogs used as coin banks, Royalty Designs, Inc. v. Thrifticheck. Service Corporation, 204 F.Supp. 702 (S.D.N.Y.1962); red flat plastic bags with decoration and faces which when stuffed with crumpled newspapers become "fat life-sized dummy Santa Claus", Sunset House Distributing Corporation v. Doran, 304 F.2d 251 (9th Cir. 1962); a model hobby horse, Blazon, Inc. v. Deluxe Game Corporation, 268 F.Supp. 416 (S.D.N.Y.1965); a sculptured artificial lilac flower made of polyethylene, Prestige Floral, Societe Anonyme v. California Artificial Flower Company, 201 F.Supp. 287 (S.D.N.Y. 1962) and the list goes on and on. From these and other cases it can be observed that "practically anything novel can be copyrighted", Dan Kasoff, Inc. v. Novelty Jewelry Company, 309 F.2d 745, 746 (2nd Cir. 1962) so long as it is "original". Mazer v. Stein, 347 U.S. 201, 214, 74 S.Ct. 460, 98 L.Ed. 630 (1953). In short, we feel compelled to affirm the holding that scale plastic model airplanes are proper subject matter for copyright protection.

The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.