INTERNATIONAL LUGGAGE REGISTRY, a Nevada Corporation, Appellant,

v.

AVERY PRODUCTS CORPORATION, a California Corporation, et al., Appellees.

No. 74–2894.

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1976.

Henry G. Hardy (argued), San Francisco, Cal., for appellant.

Victor Rosenblatt (argued), San Marino, Cal., for appellees.

## OPINION

Before CHAMBERS, TUTTLE * and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

In this copyright infringement and unfair competition action, the appellant appeals from a summary judgment granted to appellees on the ground that there was no substantial similarity between appellant's copyrighted luggage label and the luggage label utilized by appellees.

Appellant provides for its members a service in locating and returning specially marked personal property, such as luggage, when it becomes lost. The articles of property subject to this service are identified with labels prepared and supplied by appellant to its members. These labels were copyrighted by appellant and serve as the means by which protected property is located and identified.

In 1971, the president of appellant revealed its method of operation to the future president of Finders, upon a representation that he was not planning to enter the business. Finders was incorporated in 1972 to enter the luggage retrieval business, using methods of operation identical to those of appellant.

Appellee, Avery Products manufactures labels and was the printer of appellant's labels, which were produced to conform to appellant's art work. Upon entering the luggage retrieval business, Finders asked Avery Products to supply it with labels of identical size and shape to those used by appellant, but designed to conform to Finders' art work. Even a casual examination of the two labels reveals a marked likeness. For this reason, we reverse.

## DISCUSSION

■■■ The question of "substantial" or "noteworthy" similarity is one of fact and on appeal the issue is governed by the clearly erroneous principle stated in Rule 52(a),

FRCivP. *Williams v. Kaag Manufacturers, Inc.,* 338 F.2d 949, 951 (CA9 1964). The question of infringement is dependent upon whether an ordinary reasonable person would fail to differentiate between the two labels or would consider them dissimilar by reasonable observation. *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106, 1110 (CA9 1970); *Kaag Manufacturers,* p. 951. Although concerned with a trademark, rather than a copyright, the case of *J. B. Williams Co., Inc. v. Le Conté Cosmetics, Inc.,* 523 F.2d 187, 191, fns. 4, 5 (CA9 1975), *cert. denied* 424 U.S. 913, 96 S.Ct. 1110, 47 L.Ed.2d 317 (1976), by analogy, firmly supports the views expressed in *Kaag Manufacturers.* We cannot say as a matter of law that there is no substantial similarity between the two labels.

An analysis of the facts in *Christianson v. West Publishing Co.,* 149 F.2d 202 (CA9 1945), relied upon by appellees, reveals that there was little, if any, similarity between the copyrighted map and the one accused of infringement. After emphasizing a number of dissimilarities, the court there observed that the only similarity between appellant's map and the appellee's map did not originate with appellant and then went on to observe: "It is apparent that appellee did not copy appellant's map, . . ." *Id.* at 204. No such dissimilarity appears in the labels before us. In any event, we are governed by our circuit's decisions in the more recent cases of *Roth Greeting Cards* and *Kaag Manufacturers,* above cited.

## CONCLUSION

The summary judgment of the district court is vacated and the cause remanded for further proceedings in conformity with the above, including an examination into the validity of the alleged copyright, and an opportunity for appellant to amend its complaint to state a claim for unfair competition.

REVERSED.

* The Honorable Elbert P. Tuttle, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.