966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARIGOLD FOODS, INC., Plaintiff-Appellee,
v.
PURITY DAIRIES, INC., and Carden & Cherry Advertising
Agency, Inc., Defendants-Appellants.
 Nos. 91-5593, 91-5668.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Marigold Foods, Inc. ("Marigold"), brought this copyright infringement action against Defendants, Purity Dairies, Inc. ("Purity") and Carden & Cherry Advertising Agency, Inc. ("Carden & Cherry"), alleging copyright infringement of a frozen yogurt container design ("container design") in violation of the Copyright Act, 17 U.S.C. § 101. In response to Marigold's partial summary judgment motion, defendants filed a cross-motion and submitted affidavits of Carden & Cherry graphic artists, David Thomas and Joel Anderson, wherein they denied copying the container design.
 
 
 2
 Magistrate Judge Haynes recommended that the district court grant Marigold summary judgment, finding substantial similarities between the container designs. The district court accepted the magistrate judge's recommendation in part, concluding that defendants had infringed Marigold's container design copyright.[1] Applying an "extrinsic/intrinsic test," see Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1152, 1157 (9th Cir.1977), to determine the substantial similarity between the container designs, it found that defendants had designed a container with the same overall aesthetic impact, including (1) similar images used as flavor indicators; (2) a square-block graphic pattern; and (3) a pastel color scheme. Accordingly, the district court enjoined Purity's use of the container design. For the following reasons, we REVERSE the judgment of the district court.
 
 I.
 
 3
 Marigold manufactures and distributes a full line of dairy products, including frozen yogurt, which it markets under the KEMPS trademark. Marigold acquired a copyright for the container design.
 
 
 4
 Purity manufactured and distributed a full line of dairy products, which, in 1986, included a new frozen dessert line packaged in half gallon containers manufactured by Sealright Company. In 1988, Purity agreed with Marigold to distribute KEMPS frozen yogurt to Nashville CUB Foods grocery stores. Purity ordered from Marigold and distributed the frozen yogurt, along with other Purity products, to the CUB stores.
 
 
 5
 During 1988, Purity began developing its own frozen yogurt to be sold in half gallon containers, and employed Carden & Cherry to create and design the containers. Robert Bond, a Purity vice-president, discussed the design with Pam Johnson, a Carden & Cherry art director, and told her the design should "fit into the Purity family of cartons" and suggested that the artists refer to the Marigold container. Bond also instructed Johnson to copy the copyblock nutritional information from the Marigold container. The Thomas/Anderson design was created by using a Marigold container as a reference for the container design. Carden & Cherry sent the container designs to Sealright who advised Thomas that the fruit illustrations and the background looked similar to the Marigold container's background. At Thomas' instruction, Anderson modified these design features, and they were then accepted by Sealright.
 
 II.
 
 6
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc. 862 F.2d 597, 601 (6th Cir.1988). Once the moving party has met its burden of showing an absence of the opponent's proof, the nonmoving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Pachla v. Saunders Sys., Inc., 899 F.2d 496, 498 (6th Cir.1990). This court reviews a grant of summary judgment de novo under the same test as applied by the district court. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990).
 
 III.
 
 7
 To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright; and (2) copying of original constituent elements of the work. Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. ----, 111 S.Ct. 1282, 1296 (1991). Thus, Marigold must show that defendants copied the container design without authority. Blumcraft of Pittsburgh v. Newman Bros., Inc. 373 F.2d 905, 906 (6th Cir.1967).
 
 
 8
 Copyright protects the expression of ideas, but not the ideas themselves. Mazer v. Stein, 347 U.S. 201, 217 (1954). "[I]deas themselves and general concepts are not copyrightable." Mihalek Corp. v. Michigan, 814 F.2d 290, 294 (6th Cir.1987). Copyright protection does not extend to facts, such as the listing of a product's ingredients, contents or nutritional information. See 17 U.S.C. § 102; Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., 266 F.2d 541, 545 (2d Cir.1959). Moreover, when idea and expression coincide, "there will be protection against nothing other than identical copying of the work." Sid & Marty Krofft Television Prods., Inc., 562 F.2d at 1168. Thus, "[a]s a matter of logic as well as law, the more numerous the differences between two works the less likely it is that they will create the same aesthetic impact so that one will appear to have been appropriated from the other." Mihalek Corp., 814 F.2d at 295.
 
 IV.
 Direct Evidence
 
 9
 As direct evidence of copying, Marigold offered Johnson a testimony that, at a Purity container design meeting, Bond stated he wanted a four color look and referred to a Marigold container design as a model design. In addition, Marigold submitted a Carden & Cherry copywriter's deposition testimony, explaining Purity's use of Marigold's copyblock as a reference or source for the container's copyblock information. Based on this evidence, the district court found defendant had copied portions of the container design. This finding contradicted Thomas and Anderson's affidavits and deposition testimony that the Marigold container was used as a design reference, along with other competing cartons, but not copied. Moreover, the copyblock was not copyrightable. Kitchens of Sara Lee, Inc., 266 F.2d at 545. Thus, whether Thomas and Anderson copied the container design is a genuine issue of material fact and should not have been resolved by summary judgment.
 
 V.
 Circumstantial Evidence
 
 10
 Where direct evidence of copying is unavailable, evidence of the alleged infringer's access to the underlying work and a substantial similarity between the alleged copy and the original are "in themselves sufficient to create an inference of copying and to establish a prima facie case of copying." Id. at 906. Once a plaintiff proved access and substantial similarity, the defendant must negate the "probability of copying." Id. at 907.
 
 
 11
 First, Carden & Cherry admitted having access to and referring to the container when designing the Purity container. Second, the test for determining substantial similarity is "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Pendelton v. Acuff-Rose Publications, Inc., 605 F.Supp. 477, 481 (M.D.Tenn.1984). Thus, the factfinder must determine whether the alleged defendant utilized the idea of the plaintiff's protected work or "descended so far into the concrete as to invade her expression." Mihalek Corp., 814 F.2d at 294 (quoting Reyher v. Children's Television Workshop, 533 F.2d 87, 91 (2d Cir.)), cert. denied, 429 U.S. 980 (1976).
 
 
 12
 Applying the two-part extrinsic/intrinsic test, the district court concluded that "the combination of the elements of each carton render[ed] a substantially similar appearance." The extrinsic analysis requires a "determination of substantial similarity between the ideas ... includ[ing] the type of artwork, the materials, the subject matter and the setting for the subject matter." Spectravest, Inc. v. Mervyn's Inc., 673 F.Supp. 1486, 1491 (N.D.Cal.1987) (citing Sid & Marty Krofft Television Prod., 562 F.2d at 1164). Considering the idea expressed by the yogurt containers--a fruit-flavored, low-fat yogurt--there is no question regarding the substantial similarity between the two containers. However, the intrinsic analysis involves "a determination of substantial similarity between the expressions of the idea. Id. Thus, the question becomes "whether defendants captured the 'total concept and feel' of plaintiff's work." Id. (quoting Baxter v. MCA, Inc., 812 F.2d 421, 424 (9th Cir.1987)). Where the protected expression provides "nothing new or additional over the idea" of an article, copyright protection is precluded. Sid & Marty Krofft Television Prod., 562 F.2d at 1168. "It is the combination of many different elements which may command copyright protection because of [the work's] particular subjective quality." Id. at 1169. Thus, some comparison of the elements of each container is appropriate to determine substantial similarity.
 
 
 13
 First, each container uses a picture of a fruit, flower, or chocolate to depict the yogurt's flavor which is placed in the same central location on the container. However, a comparison of the individual containers reveals several dissimilarities between the flavor depictions. Second, while a square-block graphic pattern forms the background on each container, Purity's "dot design" is similar to its premium ice cream container design. Moreover, as the Purity dots are not connected to form squares, there is a question as to the "substantial similarity" of the patterns. Third, Purity's four color pastel color scheme is similar to Marigold's, but its turquoise color differs from Marigold's lime green trim. Again, there is a question as to the "substantial" similarity of the colors. Considering the copyrightable aspects of the container, excluding the uncopyrightable facts, such as the copyblock and the shape and size of the container, a genuine issue of material fact exists as to defendants' copying of Marigold's protective container design and the substantial similarity between the Purity design and the protectible expression, as on motions for summary judgment, evidence and inferences must be viewed and drawn in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 255 (1986); Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Accordingly, this action should be remanded to the district court.[2]
 
 
 14
 For the foregoing reasons, we REVERSE the judgment of the district court, and remand for further proceedings consistent with this opinion.
 
 
 
 [1]
 The district court rejected the magistrate judge's finding that the Purity container design completely infringed the Marigold container design as the container's copyblocks stated only uncopyrightable nutritional and other factual information
 
 
 [2]
 As no jury demand was filed, this matter will probably be tried by the court. At oral argument, this court reminded counsel that even if the defendant is successful in overturning the summary judgment, the district court might reach its same conclusions after hearing all the evidence at trial. However, at that point, the district court may weigh the evidence, rather than draw inferences in favor of the nonmovant