James A. SMITH, Plaintiff–Appellant,

v.

Curb RECORDS, Defendant–Appellee.

No. 00–1834.

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 2001.

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

James A. Smith, a Michigan citizen, appeals pro se the summary judgment for defendant in an action alleging copyright infringement. *See* 17 U.S.C. §§ 101–702. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

argument is not needed. Fed. R.App. P. 34(a).

Seeking five million dollars in damages, Smith filed this action alleging that defendant had infringed on his copyright on the lyrics of two songs. Defendant moved for summary judgment, and Smith filed a response. The district court granted defendant's motion, concluding that Smith had failed to establish either that defendant had access to Smith's songs, or that there was a substantial similarity between those songs and the alleged infringing song. Smith filed a motion to amend the judgment which the district court denied, finding that nothing was presented which would alter the original judgment. Smith reiterates his argument on appeal.

Upon review, we conclude that the summary judgment in this case must be affirmed, as the evidence presented is such that a reasonable jury could find only for the defendant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Initially, we note that the district court erroneously construed Smith's Fed. R.Civ.P. 59 motion to alter or amend judgment as a motion for relief from judgment under Fed.R.Civ.P. 60(b). Although Smith cited to Rule 60(b)(2) in the body of his motion, the district court also believed that the motion had not been filed within ten days of the judgment, as required by Rule 59. However, Fed.R.Civ.P. 6(a) provides that weekends and holidays are not counted in figuring periods of less than eleven days. Figuring the time period for a motion to alter or amend by this rule, Smith had until January 20, 2000, to file a Rule 59 motion to alter or amend the January 5 summary judgment. His motion was filed on January 18. Therefore, it should not have been construed as a motion under Rule 60(b). However, this error was harmless, as under either Rule, Smith failed to present any evidence with his motion which would cast doubt on the summary judgment for defendant.

■■■■ Because Smith had no direct evidence that his songs were copied by defendant, he was required to show that defendant had access to his songs and that his songs and the alleged infringing song were substantially similar. *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir.1999). The district court correctly concluded that Smith had failed to establish either of these elements. As to access, Smith testified at his deposition that he wrote his songs in 1993, first recorded them in 1994, and distributed them to several record companies and radio stations thereafter. Dan Tyler, who wrote the alleged infringing song, submitted an affidavit that his song was written in 1990, and also submitted evidence that he first recorded a demo of the song in 1991. Based on the evidence presented, therefore, it was impossible for Tyler to have had access to Smith's songs prior to writing his song, a crucial element of an infringement case. *See Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 4 (1st Cir.1996). Smith now attempts to argue that he may have written his songs as early as 1986, despite his testimony to the contrary at his deposition. Even if this were true, he has not alleged that he recorded his songs any earlier than 1994, and therefore defendant could not have had access to them prior to the creation of the alleged infringing song. Smith attempts to ignore the problem with the dates altogether in positing several theories of how defendant or Tyler may have gotten access to his songs through various record companies and radio stations, but these arguments are meritless in light of the fact that the alleged infringing song was recorded before Smith distributed his songs to any of these third parties. His motion to alter or amend merely presented another theory as to where Tyler or defendant may have heard his songs, and therefore provided no basis for amending the judgment.

Moreover, even if Smith had established the access portion of his case, he also failed to establish a substantial similarity between his copyrighted songs and the alleged infringing song. It was Smith's burden to establish similarity. *Mihalek Corp. v. State of Michigan,* 814 F.2d 290, 294 (6th Cir.1987). Smith has not shown that the district court erred in concluding that the lyrics were not substantially similar. Copyright laws do not permit anyone to claim ownership of ideas or common situations. *See Reed–Union Corp. v. Turtle Wax, Inc.,* 77 F.3d 909, 913 (7th Cir.1996). The district court logically concluded that, while all three songs relate to the common idea of exhorting the listener to keep going in the face of difficulties, the lyrics actually had very few words or phrases in common, and therefore no similarity and no infringement was established.

Based on the evidence presented in this case, a reasonable jury could only have found for defendant, and the summary judgment is therefore affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.