**James A. SMITH, Plaintiff–Appellant,**

v.

**MUSCLE SHOALS SOUNDS; Malaco Records, Defendants–Appellees.**

No. 02–1784.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

James A. Smith, proceeding pro se, appeals a district court judgment dismissing his copyright infringement suit filed pursuant to the Copyright Act, 17 U.S.C. § 102. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 6, 2002, Smith filed a complaint against Muscle Shoals Sounds and Malaco Records. Smith alleged that he has "been sending songs to [the defendants] since 1986" and that the defendants

infringed the copyrights to three of his songs. Smith alleged that he sent the songs "When a Woman Love a Man," "Just Like Jesus," and "Pray and Keep on Going" to Muscle Shoals Sounds after he obtained a certificate of copyright registration for them. According to Smith, musician Lee Roy Parnell's song "When a Woman Loves a Man" infringes his song entitled "When a Woman Love a Man," an unspecified song recorded by the music group Alabama infringes his song entitled "Just Like Jesus," and musician LeAnn Rimes's song "The Light in Your Eyes" infringes his song entitled "Pray and Keep on Going." Smith sought monetary relief in excess of fifty million dollars.

The defendants filed a motion to dismiss, to which Smith responded. The district court granted the defendants' motion and dismissed the case. The district court subsequently denied Smith's "motion to alter judgement [sic]," which the court construed as a motion for reconsideration. Smith's "objection to order denying motion to alter" was also denied by the district court. Smith now appeals.

Because the record contained material outside of the pleadings, which the district court did not exclude from consideration, the district court characterized Smith's motion to dismiss as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b); *Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir.1999). We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001).

Copyright protects the expressions of ideas, but not the ideas themselves or general concepts. *Mazer v. Stein*, 347 U.S. 201, 217, 74 S.Ct. 460, 98 L.Ed. 630 (1954); *Mihalek Corp. v. Michigan*, 814 F.2d 290, 294 (6th Cir.1987); *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir.1984). In order to establish copyright infringement, the plaintiff must prove: "(1) ownership of a valid copyright"; and (2) copying by the defendant of the protectible elements of the plaintiff's work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *see also Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir.1999); *Wickham*, 739 F.2d at 1097.

■ Upon review, we conclude that Smith's copyright infringement claims based upon his songs entitled "When a Woman Love a Man" and "Just Like Jesus" were properly dismissed. Smith did not allege that the defendants copied his songs or were in any way involved in the alleged copying by Parnell and Alabama. The fact that certain songwriters may have worked for the defendants during their careers does not establish that the defendants copied Smith's songs or were involved in the alleged copying of his songs by Parnell and Alabama. Moreover, even though Parnell and Alabama may have recorded songs at the defendants' places of business at some point in time, that fact alone fails to establish that the defendants infringed Smith's songs entitled "When a Woman Love a Man" and "Just Like Jesus."

■ We further conclude that Smith is collaterally estopped from arguing that the defendants infringed his song entitled "Pray and Keep on Going." Collateral estoppel, or issue preclusion, bars the relitigation of issues that have already been actually litigated and decided in a prior action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir.1999). On December 8, 1998, Smith filed a complaint in federal district court against Curb Records. In that suit, Smith alleged that the song "The Light in Your Eyes," which was recorded by Rimes, infringed his copyright to the song "Pray and Keep on Going." On January 4, 2000, the district court in

that case entered judgment in favor of Curb Records and this court affirmed the district court's judgment on appeal. *Smith v. Curb Records*, 3 Fed. Appx. 296, 2001 WL 92140 (6th Cir. Jan. 26, 2001) (unpublished). Thus, Smith may not relitigate the issue of whether Rimes's song "The Light in Your Eyes" infringes his song entitled "Pray and Keep on Going."

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.